**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| XUNZE LI,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 12-71757<br><br>Agency No. A089-901-259<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:　　CLIFTON, BEA, and WATFORD, Circuit Judges.

　　Xunze Li, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

With respect to past persecution, substantial evidence supports the BIA's adverse credibility determination based on the inconsistency between Li's statements and his corroborating evidence regarding when Li became involved in Christianity. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"). Li's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We do not consider Li's challenges to the IJ's corroboration finding or to the IJ's denial of past persecution on the merits, because the BIA did not adopt them. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). Because Li did not establish past persecution, he is not entitled to a rebuttable presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1).

With respect to Li's fear of future persecution, substantial evidence supports the BIA's determination that, in the absence of credible testimony regarding past events, Li failed to demonstrate a reasonable possibility that he would be singled

out for persecution as a Christian, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (petitioner must show "he will be singled out individually for persecution if removed") (internal quotation marks and citation omitted), or that there is a pattern or practice of persecution of Christian house church members in China, *see Wakkary*, 558 F.3d at 1060-62 (record did not compel a finding of a pattern or practice of persecution). We lack jurisdiction to consider Li's disfavored group claim because he did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Thus, Li's asylum claim fails.

Because Li failed to establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Li also contends he will be persecuted due to his imputed political opinion and his illegal departure from China, however, Li does not challenge the BIA's finding that he did not raise these claims before the IJ and only pursued a religion-based claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

Finally, substantial evidence also supports the agency's denial of Li's CAT claim because Li failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government in China. *See Silaya v.*

*Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).  We lack jurisdiction to consider

Li's contentions regarding China's exit laws.  *See Barron*, 358 F.3d at 678.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**